

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21123261**
**Date Processed: 02/13/2020**

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Griselda Mejia<br>Debra Brake<br>Carmen Solis<br>Danielle Lopez<br>Ruby Esquivel |

| | |
|---|---|
| **Entity:** | Garrison Property and Casualty Insurance Company<br>Entity ID Number  3692001 |
| **Entity Served:** | Garrison Property and Casualty Insurance Company |
| **Title of Action:** | Janice Kramer vs. USAA Casualty Insurance Company |
| **Matter Name/ID:** | Janice Kramer vs. USAA Casualty Insurance Company (10021811) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2020-001850 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 02/13/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | AZ Department of Insurance on 02/10/2020 |
| **How Served:** | Certified Mail |
| Sender Information: | Timothy G. Tonkin<br>602-258-8900 x100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Timothy G. Tonkin (#020709)
Steven J. Jones (#031438)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:   (602) 258-8900
Facsimile:   (602) 279-9155
E-Mail: timt@phillipslaw.com
E-Mail: stevenj@phillipslaw.com
E-Mail: minute_entries@phillipslaw.com

*Attorney for Plaintiffs*

STATE OF ARIZONA
DEPT. OF INSURANCE
FEB 10 2020
TIME 3:20 pm
SERVICE OF PROCESS

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANICE KRAMER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign company; GARRISON PROPERTY and CASUALTY INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,<br><br>Defendants. | Case No.: CV2020-001850<br><br>**SUMMONS**<br><br>Tort- Motor Vehoicle<br><br>If you would like legal advice from a lawyer,<br>Contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

**STATE OF ARIZONA TO THE DEFENDANTS:**
**GARRISON PROPERTY and CASUALTY INSURANCE COMPANY**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not

1

be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an answer or other proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or other response upon the plaintiff's attorney.

The name and address of the plaintiff's attorney is:

Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.

### Interpreter Notification

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by the parties at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED: _____

JEFF FINE
Clerk of the Superior Court

FEB 07 2020

By _____
Deputy Clerk  A. HATCH
DEPUTY CLERK

2

Timothy G. Tonkin (#020709)
Steven J. Jones (#031438)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:  (602) 258-8900
Facsimile:   (602) 279-9155
E-Mail: timt@phillipslaw.com
E-Mail: stevenj@phillipslaw.com
E-Mail: minute_entries@phillipslaw.com

Attorney for Plaintiff



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANICE KRAMER, individually, | Case No. CV2020-001850 |
| Plaintiff, | **COMPLAINT** |
| vs. | Contract-Bad Faith |
| USAA CASUALTY INSURANCE COMPANY, a foreign company; GARRISON PROPERTY and CASUALTY INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5, | |
| Defendants. | |

JANICE KRAMER, (hereinafter "Plaintiff"), for his complaint, alleges:

1. Plaintiff is, and was at all times material herein, a resident of the County of Maricopa, State of Arizona.

2. Defendant USAA CASUALTY INSURANCE COMPANY (hereinafter "Defendant USAA," unless otherwise indicated) is a foreign company, which is, and was, licensed to do business in the State of Arizona, and provided and continues to provide insurance services within the State of Arizona, or placed and continues to place insurance products in the stream of commerce reaching the State of Arizona.

1

3.  Defendant GARRISON PROPERTY and CASUALTY INSURANCE COMPANY (hereinafter "Defendant Garrison Property," unless otherwise indicated) is a foreign company, which is, and was, licensed to do business in the State of Arizona, and provided and continues to provide insurance services within the State of Arizona, or placed and continues to place insurance products in the stream of commerce reaching the State of Arizona.

4.  Defendants JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5 (hereinafter: "fictitious defendants") are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

5.  Upon belief all fictitious Defendants were residents of the County of Maricopa, State of Arizona; and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, businesses, etc., qualified to do business within the State of Arizona, and actually doing business therein on the date of the accident alleged therein.

6.  All acts and events alleged hereafter occurred within the State of Arizona, making venue proper.

7.  The minimum jurisdictional amount established for filing this action has been satisfied.

8.  Defendants USAA Casualty Insurance Company and/or Garrison Property And Casualty Insurance Company, either individually or collectively, issued an automobile policy of insurance, identified as Policy Number 7113289, to Plaintiff, with underinsured motorist coverage in the amount of $100,000.00 for each person and $300,000.00 for each occurrence.

2

9. On or about March 8, 2017, Plaintiff was involved in a motor vehicle collision that was caused by the negligence of underinsured motorist, Amber N. Keith.

10. As a direct and proximate cause of the negligence of the underinsured driver, Plaintiff sustained personal injuries in the form of pain, discomfort, suffering, disability, and anxiety and will experience such personal injury in the future.

11. As a further direct and proximate cause of the negligence of the underinsured driver, Plaintiff incurred, and will continue to incur in the future, reasonable expenses for necessary medical care, treatment and services.

12. As a further direct and proximate cause of the negligence of the underinsured driver, Plaintiff incurred lost earnings.

13. As a further direct and proximate cause of the negligence of the underinsured driver, Plaintiff sustained general damages in excess of the minimum jurisdictional limits of this court.

14. After recovering the liability limits of the policy of insurance covering the negligence of the underinsured driver, Plaintiff made a claim against the underinsured portion of the policy issued by Defendants USAA Casualty Insurance Company and/or Garrison Property and Casualty Insurance Company to Plaintiff.

15. In response to Plaintiff's claims, Defendants failed to adequately investigate Plaintiff's claims.

16. Defendants also failed to give equal consideration to Plaintiff's claims.

17. In addition, Defendants failed to reasonably and promptly pay Plaintiff for her loss arising from the motor vehicle accident.

18. Defendants failed to reasonably inform Plaintiff of all her rights and obligations under the policy of insurance.

3

19. By each of their inadequate investigations and adversarial position in processing Plaintiff's claim, Defendants have forced Plaintiff to file a lawsuit to recover her damages.

20. By their acts, Defendants have denied *de facto* those benefits covered under the policy.

21. Defendants have failed to compensate Plaintiff the benefits to which she is rightfully entitled. Defendants have forced Plaintiff to file this Complaint, forcing Plaintiff through needless adversarial hoops to achieve her rights under the policy.

### Count 1

### Breach of Contract

22. Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant's failure to make a good faith offer to pay, and failure to reasonably and promptly pay Plaintiff for her loss arising from the motor vehicle accident, failure to timely accept the claim, failure to negotiate this matter in good faith, making false representation, failure to promptly respond to timely settlement offers, constitute a *de facto* denial of coverage.

24. Defendant's same failures also constitute a breach of the insurance contract entered into by and between Plaintiff and Defendants.

25. At all times relevant to this action, all fictitious Defendants denied *de facto* coverage, or breached the insurance contract by their acts or omissions, or are vicariously liable for the acts or omissions of Defendants USAA Casualty Insurance Company and/or Garrison Property and Casualty Insurance Company.

26. As a direct and proximate result of Defendant's breach, Plaintiff sustained direct and consequential damages.

### Count 2

4

## Bad Faith

27. Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Inherent in every contract of insurance is the insurance company's covenant of good faith and fair dealings.

29. Defendants' failure to adequately investigate Plaintiff's claims, failure to treat Plaintiff's claims with equal consideration, failure to make a good faith offer, failure to promptly investigate and accept the underinsured motorist claim, and failure to make reasonable efforts to avoid the necessity for litigation constitute a breach of the covenant of good faith and fair dealings.

30. At all times relevant to this action, all fictitious Defendants breached their covenant of good faith and fair dealings by their acts or omissions, or are vicariously liable for the acts or omissions of Defendants' USAA Casualty Insurance Company and/or Garrison Property and Casualty Insurance Company.

31. As a direct and proximate result of Defendant's breach, Plaintiff sustained direct and consequential damages.

32. Further, Plaintiff is also entitled to an award of punitive damages for the reason that Defendants intended to injure Plaintiff or have acted with a consistent pattern to undermine the security of its own policies to the detriment of its insureds, including Plaintiff or, although not intending to cause injury, Defendant's conduct was motivated by spite or ill will, or Defendants acted to serve their own interests, having reason to know, and consciously disregarding, a substantial risk that their conduct might significantly injure the rights of others.

## Count 3

**Underinsured Motorist Benefits**

33. Plaintiff alleges and incorporates by reference all the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Because the negligence of an underinsured driver caused Plaintiff to sustain personal injury and damages, Plaintiff is entitled to fair and reasonable compensation from Defendants under the underinsured motorist provision of the policy.

35. At all times relevant to this action, Plaintiff is entitled to fair and reasonable compensation from fictitious Defendants under the underinsured motorist provision of the policy for those damages for which the negligent driver was underinsured, or Defendants are otherwise vicariously liable to Plaintiffs under the policy issued by USAA Casualty Insurance Company and/or Garrison Property and Casualty Insurance Company.

**Demand for Judgment**

WHEREFORE, Plaintiff demands judgment against the Defendants for the following:

1. All direct and consequential damages caused by Defendants' breach of the insurance contract with Plaintiff;

2. All damages caused by Defendants' breach of its covenant of good faith and fair dealings;

3. The full fair amount of underinsured motorist proceeds under the policy;

4. General damages for an amount to be proven at trial;

5. Special damages for an amount to be proven at trial;

6. Punitive damages in an amount to be proven at trial;

7. Attorneys' fees under A.R.S. § 12-341.01 and costs;

8. Pre-and post-judgment interest at the statutory rate;

9. Such other and further relief as the court deems just and proper under the circumstances.

**STATEMENT OF TIER VALUE**

Consistent with the factors and characteristics identified in the lawsuit above, this matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil Procedure, the damages sought in this case qualify it as a Tier 2 case.

DATED this 7th day of February, 2020.

PHILLIPS LAW GROUP, P.C.

By /s/ S. Jones
Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
*Attorneys for Plaintiff*

Timothy G. Tonkin, Esq. (#020709)
Steven J. Jones, Esq. (#031438)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Ave., Suite 1500
Phoenix, Arizona 85012
Telephone:  (602) 258-8900 ext. 100
Facsimile:   (602) 279-9155
E-Mail:  Timt@phillipslaw.com
E-Mail:  Stevenj@phillipslaw.com
minute_entries@phillipslaw.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANICE KRAMER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign company; GARRISON PROPERTY and CASUALTY INSURANCE COMPANY, a foreign company; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,<br><br>Defendants. | Case No.: CV2020-001850<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION**<br><br>Contract-Bad Faith |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case **Is Not** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 7th day of February, 2020.

PHILLIPS LAW GROUP, P.C.

By _____
Timothy G. Tonkin, Esq.
Steven J. Jones, Esq.
*Attorneys for Plaintiff*

1